# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| LYNDA BARRERA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:09-cv-02289-ECR-PAL |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| WESTERN UNITED INSURANCE COMPANY, | ) | (Mot. Order to Compel - Dkt. #24) |
| | ) | |
| Defendant. | ) | |

The court conducted a hearing on November 16, 2010 on Plaintiff's Motion for an Order to Compel (Dkt. #24). Sean Clagett and Scott Cantor appeared on behalf of the Plaintiff. Nathan Rainmiller and Christina Schwab appeared on behalf of the Defendant. The court has considered the motion, Defendant's Motion for Leave to File a Brief in Excess of Page Limits and Opposition (Dkt. #26), Plaintiff's reply (Dkt. #27), and the arguments of counsel at the hearing.

Plaintiff seeks an order compelling Defendant to serve supplemental Answers to Interrogatory No.s 1 through 24, served March 24, 2010. Plaintiff argues that the Interrogatories request relevant and discoverable information and that Defendant's responses are evasive and incomplete and contain improper objections. Plaintiff also argues that Defendant waived any objections by failing to timely respond to Plaintiff's discovery requests, and that the self-executing provisions of Rule 36 deem Defendant to have admitted Plaintiff's Request for Admissions.

Defendant opposes the Motion to Compel asserting the Plaintiff failed to meet its meet-and-confer obligation before filing the motion. Defendant also argues that it timely responded in good faith to Plaintiff's written discovery in compliance with the parties' agreements, and properly responded to the Plaintiff's requests. The Defendant asks the court to sustain Defendant's proper objections. To the extent the court determines Defendant's responses were untimely served, Defendant requests that the

court exercise its discretion to permit the withdrawal of admissions to Plaintiff's Request for Admissions.

As an initial matter, the court notes that the parties negotiated and submitted a proposed protective order governing confidentiality of documents disclosed in discovery in this case. The stipulation and proposed order was filed May 25, 2010. For reasons the court cannot discern, it was not entered until July 28, 2010. The court advised counsel for the parties that they should feel free to contact chambers in the future if there is more than a few days delay in entering orders of this nature. The court regrets the delay in entering the order, which in turn delayed Defendant's discovery responses. The court finds, because of the court's own delay in entering the protective order, that counsel for Defendant's untimely responses are excusable as routine calendaring practices could not be followed. Additionally, counsel for Plaintiff did not bring Defendant's failure to respond to these discovery requests to the attention of counsel for Plaintiff for thirty days.

On the merits, the court has reviewed the Defendant's discovery responses and agrees with Plaintiff that a number of Defendant's objections were boiler plate and over broad. However, Defendant has provided substantive responses to the majority of Plaintiff's discovery requests which pertain to this claim. The court will compel the Defendant to supplement its responses to Interrogatories No. 8, 9, 10, 12 and 20. Although Defendant has provided some substantive responses to these requests, these responses are incomplete. Specifically, Defendant's answer to Interrogatory No. 8 that the value of Plaintiff's UM claim is "now within the providence [sic] of the jury" is not well-taken and is **OVERRULED**. Defendant's objection to Interrogatory No. 9 is similarly **OVERRULED**. If Defendant relied upon the advice of counsel in denying Plaintiff's claim, it is a defense to this action, and Defendant shall be required to provide the information requested. Defendant's relevance objection to Interrogatory No. 10 is **OVERRULED**, and Plaintiff shall identify the person or persons most knowledgeable concerning Defendant's medical bill review software used to assess the Plaintiff's claim. Defendant's objection to Interrogatory No. 12 which requests Defendant's contentions with respect to the provision of N.A.C. 686A.675(7) is **OVERRULED**. Defendant shall provide a response which outlines Defendant's position with respect to the requirement of that code provision. Defendant shall also supplement its answer to Interrogatory No. 20 to provide the name and position or title of any

person who provided information, opinions or facts used to respond to Plaintiff's Interrogatories.

The Motion to Compel is **DENIED** in all other respects. Applying the limitations recognized by Rule 26(b)(2)(C), the court finds that the burden or expense of the discovery outweighs its likely benefit considering the needs of the case, the amount in controversy, and the importance of the requested discovery in resolving the issues.

Finally, Plaintiff correctly points out that the self-executing provisions of Rule 36 deem a party to have admitted requests for admissions that are not timely admitted or denied. The court has found the Defendant's failure to timely respond is excusable under the unique circumstances of this case. Additionally, a number of the requests seek information more appropriately obtained by other discovery methods. "Requests for admissions are not principally discovery devices." Safeco of America v. Rawstron, 181 F.R.D. 441, 445 (C.D. Ca. 1998), citing 8A Charles Allen Wright, Arthur R. Miller & Richard L. Marcus, § 2252 at 524-525. ("Strictly speaking Rule 36 is not a discovery procedure at all, since it presupposes that the party proceeding under it knows the facts or has the document and merely wishes its opponent to concede their genuineness. A party who desires to discover what the facts are should resort to other discovery rules rather than Rule 36"). Plaintiff may serve the Defendants with requests to admit that "seek the truth of any matters within the scope of Rule 26(a)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." Fed.R.Civ.P. 36(a). Finally, the majority of the Plaintiff's requests for admissions are over broad and many of them are ambiguous. For example, Request No. 5 asks Defendant to admit that Plaintiff's medical bills are reasonable within the community standard. However, it does not identify what medical bills Plaintiff claims are related to the accident involved in this case. Request No. 6 asks Defendant to admit that Plaintiff's medical treatment was reasonable and necessary, but does not specify what medical treatment Plaintiff claims she received as a result of this accident. Accordingly, the court will exercise its discretion to relieve the Defendant of having deemed to have admitted Plaintiff's Requests for Admission for failure to serve responses within thirty days of service.

**IT IS ORDERED**

1. Plaintiff's Motion to Compel (Dkt. #24) is **GRANTED in part** and **DENIED in part** consistent with the provisions of this order.

2.  Defendant shall not be deemed to have admitted Plaintiff's Request for Admissions for failure to serve responses within thirty days of service of the Request for Admissions.

Dated this 19th day of November, 2010.

_____
Peggy A. Leen
United States Magistrate Judge