# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| LYNDA BARRERA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> WESTERN UNITED INSURANCE COMPANY, ) <br> ) <br> Defendant. ) <br> _____ ) | Case No. 2:09-cv-02289-ECR-PAL <br><br> **ORDER** |

This order addresses and disposes the following moving and responsive papers:

1. Defendant's Emergency Motion for Protective Order Regarding Plaintiff's Deposition of Defendant's Person Most Knowledgeable of the Financial Condition of Defendant (Dkt. #41);

2. Plaintiff's Opposition to Defendant's Regarding Plaintiff's Deposition of Defendant's Person Most Knowledgeable of the Financial Condition of Defendant (Dkt. #51);

3. Defendant's Reply to Plaintiff's Opposition Regarding Plaintiff's Deposition of Defendant's Person Most Knowledgeable of the Financial Condition of Defendant (Dkt. #54);

4. Defendant's Request to Submit Addendum and Addendum to Its Emergency Motion for Protective Order to Include (1) the PMK Regarding McKinsey Consulting, and (2) Harassing Discovery and (3) Discovery Beyond the Current Cut-Off Date (Dkt. #55);

5. Plaintiff's Emergency Motion to Quash or Modify the Subpoena and Deposition Duces Tecum of James E. Mathis and Motion for Protective Order (Dkt. #56);

///

6. Defendant's Opposition to Plaintiff's Emergency Motion to Quash or Modify the Subpoena and Deposition Duces Tecum of James E. Mathis and Motion for Protective Order (Dkt. #57 & #58);

7. Plaintiff's Objection in Opposition to Defendant's Request tot Submit Addendum and Addendum to Its Emergency Motion for Protective Order (Dkt. #60);

8. Defendant's Emergency Motion for Sanctions (Dkt. #63);

9. Plaintiff's Opposition to Defendant's Request to Submit An Addendum and Addendum and Addendum to Its Emergency Motion for Protective Order (Dkt. #66);

10. Defendant's Supplement to Emergency Motion for Sanctions (Dkt. #68);

11. Defendant's Reply to Plaintiff's Opposition to Defendant's Request to Submit Addendum and Addendum and Addendum to Its Emergency Motion for Protective Order (Dkt. #69);

12. Opposition to Defendant's Emergency Motion for Sanctions (Dkt. #71);

13. Reply to Plaintiff's Opposition to Defendant's Emergency Motion for Sanctions (Dkt. #73);

14. Defendant's Second Supplement to Its Emergency Motion for Sanctions to Provide the Court with Information Related to Subsequent Developments Since the Filing of the Original Motion (Dkt. #77);

## BACKGROUND

The Complaint in this case was filed in State Court and Removed (Dkt. #1) December 2, 2009. Plaintiff has asserted claims for breach of contract, violation of Nevada's Unfair Claims Practices Act and breach of the covenant of good faith and fair dealing. The complaint arises out of an automobile accident that occurred on April 20, 2008. Complaint Dkt. #1 ¶ 6. Plaintiff was involved in a hit and run motor vehicle accident with another vehicle. *Id*. The driver of the other vehicle rear ended the Plaintiff's vehicle and fled the scene in his vehicle. *Id*. Plaintiff was injured as a result of the collision, and investigating authorities have been unable to identify the other driver involved in the accident. *Id*. ¶ 8. Plaintiff made a claim for uninsured motorist benefits under her policy with Defendant, AAA Insurance. *Id.* ¶ 9. Plaintiff sustained in excess of $35,000.00 in medical expenses. *Id.* ¶ 10.

1  However, Defendant offered to settle her uninsured motorist claim for a fraction of this amount. As a
2  result, Plaintiff seeks to recover general damages for breach of contract and insurance bad faith in an
3  amount in excess of $10,000.00, statutory damages for violations of Nevada's Unfair Claims Practices
4  Act in an amount in excess of $10, 000.00, special damages to be proven at trial, costs of suit including
5  attorneys' fees, and punitive damages in an amount in excess of $10,000.00.

6  This case has been extremely contentious, and the Parties have filed many, many motions
7  seeking the court's intervention in resolving their discovery disputes, and have had multiple emergency
8  telephonic dispute resolution conferences with the court.

## **DISCUSSION**

10 The court conducted a hearing on March 10, 2011. William T. Sykes and Scott Cantor appeared
11 on behalf of the Plaintiff, and Nathan Reinmiller, Nathan Severson and Brent Jordan appeared on behalf
12 of the Defendant. The court heard arguments on Plaintiff's Motion to Quash/For Protective Order (Dkt.
13 #40), Defendant's Motion for Protective Order (Dkt. #41), and Plaintiff's Emergency Motion to Quash
14 or Modify the Subpoena and Deposition Duces Tecum of James E. Mathis (Dkt. #56). However, just
15 prior to the hearing, Defendant filed a Request to Submit Addendum and Addendum to its Emergency
16 Motion for Protective Order (Dkt. #55) and Defendant filed an Emergency Motion for Sanctions (Dkt.
17 #63). Both of these motions generated additional voluminous moving and responsive papers with
18 supporting declarations and exhibits.

19 Defendant's request to submit addendum and addendum involve the parties' ongoing discovery
20 disputes, the majority of which the court has heard and resolved at hearings and dispute resolution
21 conferences. After the court granted in part and denied in part Plaintiff's motion to compel, counsel for
22 Plaintiff served a deposition notice seeking the "person most knowledgeable" of the financial condition
23 of the Defendant. Plaintiff also noticed the deposition of the "person most knowledgeable" as to the
24 consulting work done for Defendant by McKinsey Consulting, Inc., a second set of requests for
25 admissions, and a second request for production of documents. The addendum to Defendant's
26 emergency motion seeks a protective order terminating Plaintiff's discovery and sanctions against the
27 Plaintiff and/or Plaintiff's counsel for wilfully violating the court's prior order precluding or limiting
28 certain discovery, and for forcing Defendant to bring its emergency motion.

As an initial matter, the Rules of Civil Procedure and Local Rules of Practice allow a motion, response and reply. Supplemental pleadings which generate endless rounds of responses and replies are not authorized by the rules and should not, in the absence of extraordinary circumstances, be filed. However, because it is clear the parties are unable or are unwilling to resolve their multiple discovery disputes civilly and without the court's intervention, this order will resolve them. The court will therefore treat the Defendant's "addendum" as another motion for protective order which raises the parties' ongoing and evolving discovery disputes.

The moving and responsive papers submitted with the "addendum" consist of hundreds of pages of briefs, exhibits and declarations–all of which the court has read and carefully considered. As the addendum was filed two days before the March 10, 2011 hearing on other emergency motions, the court allowed Plaintiff an opportunity to respond. Additionally, the parties requested, and received at least two telephonic dispute resolution conferences with the after the March 10 hearing concerning proceeding with the deposition of Mr. Mathis, Plaintiff's expert, and the completion of Dr. Freeman's deposition. The day after the hearing, Defendant filed yet another Emergency Motion for Sanctions (Dkt. #63), which is now fully briefed. Defendant's Emergency Motion for Sanctions (Dkt. #63) seeks an order striking Plaintiff's expert witnesses who were not produced before the discovery cutoff for deposition. Specifically, Defendant seeks to strike Plaintiff's expert Dr. Freeman, and that the court reconsider denial of Defendant's prior motion to strike Plaintiff's expert Mr. Mathis.

Each side accuses the other of engaging in obstructive and abusive discovery tactics. Both sides ask for sanctions. The court has neither the time nor resources to parse through the parties' voluminous moving and responsive papers and make detailed factual findings, and will not do so here. However, the court will address a mistaken conclusion drawn by counsel for Plaintiff concerning an order entered February 22, 2011 (Dkt. #48). Plaintiff's Opposition (Dkt. #66) "presumes" that the court's February 22, 2011 order granting a temporary protective order at 3:50 p.m. was drafted by counsel for Defendant. It was not. Defendant filed an emergency motion concerning a deposition that was set for the following day. The court's practice is to review all emergency motions the day they are filed if it is humanly possible. It was, and I did. A temporary protective order was entered to preserve the status quo to enable the parties to be fully heard on the merits of their respective positions. They now have.

Having reviewed and carefully considered the moving and responsive papers,

**IT IS ORDERED** that:

1. As memorialized in the Minutes of Proceedings (Dkt. #62) of the March 10, 2011 hearing, Plaintiff's Motion to Quash/Protective Order (Dkt. #40) is **GRANTED** with the exception of the billing records requested in paragraph 1D which counsel for Plaintiff may produce in redacted form, to redact counsel's mental impressions. The production was ordered within fourteen days of the March 10, 2011 hearing.

2. As memorialized in the Minutes of Proceedings (Dkt. #62) of the March 10, 2011 hearing, Defendant's Motion for Protective Order (Dkt. #41) is **GRANTED**. However, Defendant was ordered to gather the responsive financial information at issue for production within fourteen days of the district judge's decision on pending motion for summary judgment in the event any of Plaintiff's punitive damages claims survive summary judgment. Plaintiff will have leave of court to engage in limited discovery related to Defendant's financial condition, and as necessary to authenticate financial records needed to establish a punitive damage claim if any punitive damages claims survive summary judgment. If so, counsel shall meet and confer in an effort to reach an agreement concerning the scope of this additional limited discovery, and submit a proposed stipulation and schedule for completion of this limited discovery to the court for approval. If the parties are unable to agree on the limited discovery allowed, they shall meet and confer and submit their competing proposals in a **Joint Status Report** within fourteen days of decision of the motion for summary judgment.

3. As memorialized in the Minutes of Proceedings (Dkt. #62) of the March 10, 2011 hearing, Plaintiff's Emergency Motion to Quash or Modify the Subpoena and Subpoena Duces Tecum of James Mathis (Dkt. #56) is **GRANTED in part** and **DENIED in part**. The Motion for Protective Order is **GRANTED** with respect to subpoena item no.s 1-5, 6, 7, 8, 9, 11, 14, 15, 16, 17, and 18. The motion is **DENIED** in all other respects. Counsel for Plaintiff shall provide the information requested in items 1 through 4 to the

  extent that it has not already been provided in the initial expert report and/or the disclosures required by Rule 26(a)(1).  Counsel for Plaintiff shall also provide information responsive to item no. 5, limited to the last four years to the extent that it has not already been provided in the initial expert report and/or the disclosures required by Rule 26(a)(1).  The motion is **DENIED without prejudice** to defense counsel challenging the basis or adequacy of the expert's report.  The deposition of Mr. Mathis shall proceed as scheduled on March 31, 2011, and Defendant's request to exclude him as a witness is denied.  Plaintiff was given until March 14, 2011, to file a response to Defendant's Objection/Addendum (Dkt. #60).

  4. Defendant's Request to Submit Addendum and Addendum (Dkt. #55) is **GRANTED in part** and **DENIED in part**.  The motion is **GRANTED** as follows:

   a. The court will treat the addendum as a motion for protective order.

   b. A protective order is entered precluding Plaintiff from going forward with the deposition of McKinsey Consulting.

   c. A protective order is entered precluding the Plaintiff from going forward with the deposition of the "person most knowledgeable" of the financial condition of the Defendant at this time.  However, consistent with the ruling at the March 10, 2011 hearing, if Plaintiff's punitive damage claim(s) survives the pending motion for summary judgment, Plaintiff shall have leave to conduct limited discovery of Defendant's financial condition consistent with paragraph 2 above.

   d. Defendant need not respond to Plaintiff's second set of requests for admissions attached as Exhibit "D" to the addendum (Dkt. #55).

   e. Defendant need not respond to Plaintiff's second set of requests for production of documents attached as Exhibit "F" to the addendum (Dkt. #55).

  5. Defendant's Emergency Motion for Sanctions (Dkt. #63) is **DENIED**.

///
///
///

6.  Any request for relief contained in the moving and responsive papers outlined in this order not specifically addressed is **DENIED**.

Dated this 20th day of April, 2011.

_____
Peggy A. Leen
United States Magistrate Judge