**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| LYNDA BARRERA, individually,   ) | 2:09-cv-02289-ECR-PAL |
| )  Plaintiff,         ) | |
| ) vs.                 ) | **Order** |
| ) WESTERN UNITED INSURANCE COMPANY, ) dba AAA NEVADA INSURANCE COMPANY, ) a California corporation; DOES I ) through X, inclusive,    ) | |
| )  Defendant.        ) | |

This case arises out of an insurance dispute over an automobile accident. Now pending are a number of motions and a stipulation and order for dismissal.

### I. Background

On April 21, 2008, Plaintiff Lynda Barrera ("Plaintiff" or "Barrera") was involved in a hit-and-run motor vehicle accident with another vehicle. (Compl. Ex. A, ¶ 6 (#1).) Plaintiff had uninsured motorist coverage with her automobile insurer, Defendant AAA Nevada Insurance Company ("Defendant") (Ex. A (#85-1).) The other vehicle involved in Plaintiff's accident rear-ended Plaintiff's vehicle and fled the scene. (Compl. Ex. A, ¶ 7 (#1).)

On October 22, 2009, Plaintiff filed the lawsuit against Defendant in state court. (Compl. Ex. A (#1).) Plaintiff brought claims for (1) breach of contract, (2) violation of the Unfair

Claims Practices Act, and (3) bad faith.  On December 2, 2009, Defendant removed the action to this Court on the basis of diversity jurisdiction.  (Notice of Removal (#1).)

On February 2, 2012, this Court issued an Order (#106) granting summary judgment on Plaintiff's causes of action for Violation of the Unfair Claims Practices Act and for bad faith.  The only remaining claim is Plaintiff's breach of contract claim.

On February 16, 2012, Defendant filed a Motion for Attorney's Fees (#109).  On March 12, 2012, Defendant filed a Motion for Judgment (#116) pursuant to Federal Rule of Civil Procedure 54(b) while the breach of contract claim was outstanding.  On April 11, 2012, the parties filed a Stipulation and Order for Dismissal with Prejudice (#122), requesting that Plaintiff's breach of contract claim be dismissed with prejudice, with each of the parties to pay their own attorney's fees and costs incurred as relates to the breach of contract claim only.  Because no claims remain in the case, judgment shall be entered, and Defendant's Motion for Judgment (#116) pursuant to Rule 54(b) is moot.

## II. Legal Standard

Fed. R. Civ. P. 54 establishes the procedure for recovering attorney's fees.  A motion for attorney's fees must "specify the judgment and the statute, rule, or other grounds entitling the movant to the award."  FED. R. CIV. P. 54(d)(2)(B)(ii).  A party moving for attorney's fees must therefore assert an independent source of authority for an award.  MRO Commc'ns, Inc. v. Am. Tel. & Tel. Co., 197 F.3d 1276, 1281 (citations omitted).

2

In an action where a district court is exercising its subject matter jurisdiction over a state law claim, so long as "state law does not run counter to a valid federal statute or rule of court, and usually it will not, state law denying the right to attorney's fees or giving a right thereto, which reflects a substantial policy of the state, should be followed." Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 259 n.31 (1975) (quoting MOORE'S FEDERAL PRACTICE § 54.77[2] (2d ed. 1974)).

Under Nevada law, the court may award attorney's fees if it finds that a claim, counterclaim, or defense was brought without reasonable ground or to harass the prevailing party. NEV. REV. STAT. § 18.010. In addition, a prevailing defendant is entitled to recover attorney's fees if an offer of judgment is rejected. Specifically, Nevada law provides that a defendant may be awarded reasonable attorney's fees incurred from the time of an offer of judgment if the plaintiff rejects it and fails to receive a more favorable result. See NEV. REV. STAT. § 17.115(4)(d)(3). In this situation, Nev. Rev. Stat. § 17.115(4)(d) provides that a court "[m]ay order the party to pay to the party who made the offer . . . (3) Reasonable attorney's fees incurred by the party who made the offer for the period from the date of service of the offer to the date of entry of the judgment." Likewise, Nev. R. Civ. 68(f) provides as follows: "If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree shall . . . pay the costs and attorneys' fees, if any be allowed, of the party making the offer from the time of the offer."

3

The Nevada Supreme Court has issued the following standard to guide courts in determining whether attorney's fees are warranted under Nev. R. Civ. P. 68:

> In exercising its discretion regarding the allowance of fees and costs under NRCP 68, the trial court must carefully evaluate the following factors:
>
> > (1) whether the plaintiff's claim was brought in good faith; (2) whether the defendants' offer of judgment was reasonable and in good faith in both its timing and amount; (3) whether the plaintiff's decision to reject the offer and proceed to trial was grossly unreasonable or in bad fath; and (4) whether the fees sought by the offeror are reasonable and justified in amount.
>
> After weighing the foregoing factors the district judge may, where warranted, award up to the full amount of fees requested.  On the other hand where the court has failed to consider these factors, and has made no findings based on evidence that the attorney's fees sought are reasonable and justified, it is an abuse of discretion for the court to award the full amount of fees requested.

Beattie v. Thomas, 668 P.2d 268, 274 (Nev. 1983) (internal citations omitted).

### III. Discussion

Defendant requests attorney's fees in the amount of $404,573.50 incurred from the commencement of this action, or $10,305.00 incurred after its offer of judgment.  Defendant argues that Plaintiff's claims against it were brought without the support of credible evidence, and that any delay in resolving Plaintiff's insurance claim is a result of Plaintiff's own actions.  Defendant argues that despite the above, it served Plaintiff a reasonable offer of judgment in the amount of $10,000.00 to settle her extra-contractual claims, which Plaintiff unreasonably rejected.

4

**A. Attorney's Fees Under Nev. Rev. Stat. § 18.010**

Nevada Revised Statutes § 18.010(2) provides that when the court finds that a claim is brought or maintained without reasonable ground or to harass the prevailing party, the court may award attorney's fees to a prevailing party. Plaintiff opposes Defendant's request attorney's fees in the amount of $404,573.50 because it argues that the motion (#109) is premature and there has been no determination that Defendant is a prevailing party.  At the time of filing, Defendant's Motion for Attorney's Fees (#109) was filed before judgment was entered and all claims had been disposed of. However, since then, the parties have stipulated to dismiss the one remaining claim of breach of contract.  Because Plaintiff opposed Defendant's Motion (#109) on its merits as well as its untimeliness, we shall decide Defendant's Motion (#109) on its merits.

Plaintiff argues that Defendant is not entitled to attorney's fees under Nev. Rev. Stat. § 18.010 because it has not been determined to be the prevailing party.  While we granted summary judgment in favor of Defendant on Plaintiff's extra-contractual claims, we agree that Defendant is not in the position of a prevailing party entitled to collect all attorney's fees incurred since the commencement of the action.  Plaintiff may have been the prevailing party with respect to the breach of contract claim, and did prevail, at least at the summary judgment stage, in defeating the motion for summary judgment on that claim.  However, that does not resolve whether Defendant is entitled to collect fees incurred solely in defending the extra-contractual claims.

5

Defendant claims that Plaintiff essentially combined two separate lawsuits against Defendant in bringing a breach of contract claim along with a tort claim for extra-contractual tort damages. Therefore, Defendant argues it is the prevailing party with respect to those claims, and should be awarded all fees incurred in defending against those claims. Defendant hired a separate law firm to defend against the extra-contractual claims, and therefore, there is no difficulty in separating fees incurred to defend against the breach of contract claim, on which Defendant did not prevail.

In order to award the fees, however, we must find that Plaintiff's claims were brought without reasonable ground or to harass the prevailing party. While we granted summary judgment on Plaintiff's extra-contractual claims based on the evidence presented by both parties, we cannot find that Plaintiff's claims were so frivolous and groundless as to require the finding that she should pay for all of Defendant's attorney's fees since the commencement of the action. There is little dispute that Plaintiff had a right to benefits of some amount under her insurance policy. While the Court ultimately determined that Defendant did not owe Plaintiff damages under her extra-contractual claims, we decline to award attorney's fees on the basis that her claims were brought without reasonable ground.

**B. Attorney's Fees Under Nev. Rev. Stat. § 17.115 and NRCP 68**

Under Nevada law, a party who rejects an offer of judgment and then fails to obtain a more favorable judgment "shall pay the offeror's post-offer costs, applicable interest on the judgment from the time of the offer to the time of entry of the judgment and

6

reasonable attorney's fees, if any be allowed, actually incurred by the offeror from the time of the offer." Nev. R. Civ. P. 68(f). The court must consider the four <u>Beattie</u> factors to determine whether attorney's fees should be awarded under NRCP 68. Those factors are:

> (1) whether the plaintiff's claim was brought in good faith; (2) whether the defendants' offer of judgment was reasonable and in good faith in both its timing and amount; (3) whether the plaintiff's decision to reject the offer and proceed to trial was grossly unreasonable or in bad fath; and (4) whether the fees sought by the offeror are reasonable and justified in amount.

<u>Beattie</u>, 668 P.2d at 274.

On May 26, 2011, Defendant offered Plaintiff $10,000.00 to settle the extra-contractual claims. Defendant claims that from the time the offer of judgment was served (May 26, 2011) to the time summary judgment was granted on the extra-contractual claims (February 2, 2012), Defendant incurred attorney's fees in the amount of $10,305.00.

The first factor expounded by the Nevada Supreme Court in <u>Beattie</u> requires the Court to determine whether Plaintiff brought her claims in good faith. While we previously found that Plaintiff's claims were not brought without reasonable ground or to harass Defendant, we do note that much of the delay in resolving Plaintiff's insurance claim was a result of her own delay in providing requested medical records. Because of that conclusion, we granted summary judgment in Defendant's favor on the extra-contractual claims. Plaintiff argues that based on the counseling provided by her expert opinion who reviewed the papers and pleadings in her case, she had a reasonable basis to believe that Defendant

7

was unreasonably delaying the handling of her claim. While we disagree with that conclusion based on our own findings, we cannot find that Plaintiff brought her claims in bad faith.

The second factor we must consider in accord with <u>Beattie</u> is whether Defendant's offer was reasonable and in good faith. We find that this factor weighs in Defendant's favor, as Defendant offered $10,000.00 to settle the extra-contractual claims. While Plaintiff argues because her medical expenses were nearly $40,000, an offer of $10,000 was unreasonable, we disagree. By the time Defendant made its offer, discovery was closed and Defendant was in possession of the evidence upon which we found that Plaintiff's extra-contractual claims lacked merit. In light of that evidence, we find that Defendant's offer of judgment was not unreasonable or made in bad faith.

The third <u>Beattie</u> factor requires the Court to consider whether Plaintiff's decision to reject the offer of judgment was grossly unreasonable and whether it was in bad faith. The Court concludes that Plaintiff's decision to reject Defendant's offer of judgment was not grossly unreasonable nor was it in bad faith. Plaintiff argues that she relied on an insurance expert, whose reliability we will not discuss, who opined that Defendant unreasonably delayed the handling of her claim and entered into the claims handling process with a predetermined bias against her. While those conclusions are suspect, we cannot find that Plaintiff was <u>grossly</u> unreasonable in relying on the expert opinion to reject the offer of judgment.

The fourth and final <u>Beattie</u> factor asks whether the fees sought by Defendant are reasonable and justified in amount.

Pursuant to Nevada law, a trial court should consider the following factors in determining whether a requested amount in attorney's fees is reasonable:

> (1) the qualities of the advocate: his [or her] ability, training, education, experience, professional standing and skill; (2) the character of the work to be done: its difficulty, intricacy, importance, the time and skill required, the responsibility imposed and the prominence and character of the parties when they affect the importance of the litigation; (3) the work actually performed by the lawyer: the skill, time and attention given to the work; and (4) the result: whether the attorney was successful and what benefits were derived.

Schouweiler v. Yancey Co., 712 P.2d 786, 790 (Nev. 1985). Based on these factors, we find that the fourth Beattie factor is in favor of Defendant. The requested attorney's fees in the amount of $10,305.00 since the offer of judgment are reasonable in light of the attorney's experience of fourteen years, an hourly rate of $250.00, and careful documentation of the work actually performed since the offer of judgment.

Because we find that two factors favor Plaintiff and two factors favor Defendant, we decline to award attorney's fees on the extra-contractual claims.

### IV. Conclusion

**IT IS, THEREFORE, HEREBY ORDERED** that Defendant's Motion for Judgment (#116) pursuant to FRCP 54(b) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Defendant's Motion for Attorney's Fees (#109) is **DENIED**.

9

The parties' Stipulation and Order for Dismissal (#122) shall be granted by separate order.

DATED: May 16, 2012.

_____
UNITED STATES DISTRICT JUDGE