UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Lynda Barrera,<br><br>Plaintiff<br><br>v.<br><br>Western United Insurance Company et al.,<br><br>Defendants | Case No.: 2:09-cv-02289-JAD-PAL<br><br>**Order Setting Supersedeas Bond, Granting Emergency Motion for Stay [Doc. 146], and Denying Application for Order Shortening Time [Doc. 147] as Moot** |

Before the Court are Plaintiff Lynda Barrera's Emergency Motion (1) to Set Amount of Supersedeas Bond, (2) for Immediate Temporary Stay, and (3) for Order of Stay of Execution upon Posting of Approved Bond, Doc. 146, and Plaintiff's Application for Order Shortening Time, Doc. 147, both filed October 10, 2013. The Court also considers the Notice of Federal Execution Sale of Chose in Action, Doc. 145, filed by Defendant Western United Insurance Company ("AAA") October 4, 2013. Plaintiff now seeks to stay the chose-in-action sale set for Tuesday, October 22, 2013. Doc. 145 at 2. She also requests a hearing on Friday, October 18, 2013, on the supersedeas bond amount. Doc. 147 at 2.

The Court, having carefully considered the record and relevant law, grants Plaintiff's Emergency Motion, sets an amount for supersedeas bond, and orders the requested stay of execution. Doc. 146. It further denies Plaintiff's Application for Order Shortening Time as moot. Doc. 147.

**I**

AAA has executed on Barrera's chose in action property and the auction is scheduled for Tuesday, October 22, 2013. Doc. 145. The property auctioned will consistent of all of Barrera's claims in (1) the appeal of this case currently before the Ninth Circuit and (2) the instant case before the District of Nevada. *Id.* at 2–3. Barrera believes AAA will buy her right to sue, stand in her place, and then seek to dismiss the complaint. Doc. 146 at 7. She argues that "AAA will be able to self-deal and dispose of [her] entire appeal by simply executing on the judgment that [she] is currently appealing." *Id.*

Under Federal Rule of Civil Procedure 62(d), an appellant may obtain a stay on appeal by posting a supersedeas bond.[1] The stay goes into effect when the court approves the bond. FED. R. CIV. P. 62(d). "District courts have inherent discretionary authority in setting supersedeas bonds." *Rachel v. Banana Republic, Inc.*, 831 F.2d 1503, 1505 n.1 (9th Cir. 1987) (citing *Miami Int'l Realty Co. v. Paynter*, 807 F.2d 871, 873 (10th Cir. 1986). "The purpose of a supersedeas bond is to secure the appellees from a loss resulting from the stay of execution and a full supersedeas bond should therefore be required." *Id.*

AAA's costs in this case were taxed at $11,970.36 on June 5, 2012. Doc. 132 at 3. It obtained a writ of execution providing interest on taxable costs at 0.19% per annum, or $0.62 per day, and directing the United States Marshal to seize the causes of action now scheduled for auction. *See* Doc. 141-1 at 2; *see also* Doc. 145 at 2–3. Barrera asks the Court to set the supersedeas bond at $12,274.16, an amount that covers the amount of costs, plus interest during the 490 days from June 5, 2012, to October 8, 2013. *See* Doc. 146 at 8. The Court is aware that AAA's recovery for damages will be limited to the bond amount. *Edlin v. M/V Truthseeker*, 69 F.3d 392, 394 (9th Cir. 1995) (citations omitted). The Court cannot predict precisely when this case will be finally determined, but believes that a proper supersedeas bond here should include interest beyond October 8, 2013. Accordingly, the Court sets the supersedeas bond amount at $12,422.96, which is

---

[1] This Court applies Nevada substantive law and federal procedural law when sitting in diversity. *Vacation Vill., Inc. v. Clark Cnty.*, 497 F.3d 902, 913 (9th Cir. 2007). On procedural matters including supersedeas bonds, it is "instructed to apply the Federal Rule even [if] it is in direct collision with the law of the relevant State." *Id.* (quoting *Hanna v. Plumer,* 380 U.S. 460, 465, 471–72 (1965)) (internal quotation marks omitted).

$11,970.36 plus $0.62 per day from June 5, 2012 to June 5, 2014.[2]

**II**

It is **ORDERED** that Plaintiff's Emergency Motion (1) to Set Amount of Supersedeas Bond, (2) for Immediate Temporary Stay, and (3) for Order of Stay of Execution upon Posting of Approved Bond **[Doc. 146]** is **GRANTED**. The supersedeas bond amount is set at $12,422.60 and, upon the posting of the approved bond, execution upon the judgment—including any sale of the chose in action—shall be stayed pending completion of the appeal.

It is further **ORDERED** that Plaintiff's Application for Order Shortening Time **[Doc. 147]** is **DENIED** as moot.

DATED October 16, 2013.

_____
JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE

---

[2] The interest for 730 days, at $0.62 per day, is $452.60. Thus, the supersedeas bond is set for $11,970.36 plus $452.60, which comes to a total of $12,422.96.