# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Lynda Barrera,<br><br>　　　　Plaintiff<br><br>　　　　v.<br><br>Western United Insurance Company et al.,<br><br>　　　　Defendant | Case No.: 2:09-cv-02289-JAD-PAL<br><br>**Order Denying Defendant's Emergency Motion for Reconsideration Pursuant to FCRP 60(b)(1) and Request to Lift Stay [Doc. 152] and Granting Plaintiff's Motion for Leave to File a Supplement to Her Opposition [Doc. 157]** |

Before the Court is Defendant's Emergency Motion for Reconsideration Pursuant to FCRP 60(b)(1) and Request to Lift Stay. Doc. 152. Plaintiff timely objected, Doc. 155, and Defendant timely replied. Doc. 156. The Court also considers Plaintiff's Motion for Leave to File a Supplement to Her Opposition to Defendant's Emergency Motion for Reconsideration and Request to Lift Stay. Doc. 157.

**I.**

**Facts**

This case arises out of car-insurance-related claims that Lynda Barrera filed against Western United Insurance Company, which is doing business as AAA Nevada Insurance Company. AAA prevailed in the underlying action and its costs were taxed on June 5, 2012, with interest at 0.19%

1

per annum or $0.62 per day.  Doc. 132 at 3; Doc. 141-1 at 2.  AAA sought a writ of execution against Barrera on May 23, 2013, to satisfy the $11,970.36 judgment plus interest.  Doc. 141.  The writ was ordered by the Deputy Clerk on May 24, 2012, and served on June 4, 2012.  Doc. 142; Doc. 143.  It was executed against two property rights: Barerra's causes of action in the instant case before the District of Nevada and before the Ninth Circuit.  *Id.*  After both parties filed notices of appeal, they engaged in court-ordered mediation on October 4, 2012.  Doc. 152 at 13.  Oral argument before the Ninth Circuit panel is scheduled for March 4, 2014.  Doc. 157 at 3.

There was no additional activity on this docket until October 4, 2013, when AAA served Barrera with a Notice of Federal Execution Sale of Chose in Action that established an October 22, 2013, sale date for Barerra's claims and appellate rights.  Doc. 144.  Barerra's counsel contacted AAA's counsel on October 9, indicating her "willing[ness] to post a supersedeas bond" to stay the sale and requesting a stipulation as to both a stay and a bond amount.  Doc. 152 at 8–9.  On October 10, 2013, Barerra filed an Emergency Motion to stay the sale and to set a bond amount.  Doc. 146.

The Court granted Barerra's request for stay and set the bond amount at $12,422.96, which consists of the $11,970.36 judgment plus two years of interest.  Doc. 149 at 2–3.  Barrera posted cash in lieu of the bond on October 17, 2013.  Doc. 150.

AAA now moves for reconsideration on the stay order.  AAA not only asks the Court to permit the chose-in-action sale, but also seeks to leave the bond in place "because it would stay any <u>further</u> execution if the chose of action does not satisfy the judgment."  Doc. 152 at 6 (emphasis in original).  AAA intends to seek attorneys' fee and costs in excess of $200,000 for this appeal, should it be the prevailing party.  *Id.*

AAA argues that, as a debtor, Barrera lost her property interest in the causes of action when the writ of execution was delivered.  Doc. 152 at 9.  It relies on United States Supreme Court decisions issued between 1825 and 1884, including *Lessee of Waller v. Best*, 44 U.S. 111 (1845), where a creditor was not deprived of a lien interest by the debtor's bankruptcy.  Doc. 152 at 9–11.  In *Waller*, the Supreme Court found that a party, "by the prior delivery of the execution and the subsequent levy and sale, had the prior and superior title to the property."  *Id.* at 120.  In short,

2

AAA's argument is that Barerra has been deprived of a property interest in her own appeal and therefore cannot legally affect the disposition of her own claims by seeking to stay their sale. Doc. 152 at 11.

AAA further argues that Barerra cannot establish the good cause that Federal Rule of Civil Procedure 62(c)(1)(C) requires for a supersedeas bond to issue. Doc. 152 at 12. In its view, Barerra could have either paid the judgment within two weeks of the June 2012 clerk's judgment, posted a bond pending appeal within two weeks of the judgment, or further prevented AAA from acting on its judgment during the four months leading to mediation. Doc. 152 at 12–13. In sum, AAA contends that Barerra lacks good cause because her "'emergency' was created by her failure to do anything to prevent the inevitable" since June 2012. Doc. 152 at 13.

Accordingly, AAA writes that it is the only party whose interests are affected by whether the chose-in-action sale occurs and that it seeks to execute on Barerra's causes in action in order to satisfy its debt in the least intrusive manner. Doc. 152 at 3, 6; Doc. 156 at 10. It states that Barerra has communicated that she would file for bankruptcy if AAA executed on her assets and that her counsel has represented that she would never pay, thus leading AAA to seek the instant sale. Doc. 152 at 6; Doc. 156 at 10. Barerra counters that, through the supersedeas bond now posted, AAA's interest in the taxed costs is and will be fully protected. Doc. 155 at 10. She contends that the imminency of the Ninth Circuit oral argument further supports the notion that her appeal should be decided on its merits, a goal that will be thwarted if her appeal rights are sold at auction. Doc. 157 at 4.

## II.

### Discussion

Motions for reconsideration are not expressly authorized in the Federal Rules of Civil Procedure, but district courts may grant them under Rule 59(e). *See Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 179 F.3d 656, 665 (9th Cir. 1999). Reconsideration is only warranted when: (1) the movant presents newly discovered evidence, (2) the district court committed clear error or the initial ruling was manifestly unjust, or (3) there is an intervening change in controlling law. *Id.*

3

1  (citing *All Haw. Tours, Corp. v. Polynesian Cultural Ctr.*, 116 F.R.D. 645, 648 (D. Haw. 1987)).
2  Although reconsideration may also be fitting under other highly unusual circumstances, it is well
3  recognized as an "extraordinary remedy, to be used sparingly in the interests of finality and
4  conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2007) (quoting
5  12 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 59.30[4] (3d ed. 2000)).

6       The Court has carefully reviewed Defendant's Motion for Reconsideration, Plaintiff's
7  Opposition, and Defendant's Reply.  The movant has not presented newly discovered evidence, but
8  argues that the Court should authorize relief based on mistaken application of law and because AAA
9  should not be punished for Plaintiff's failure to properly preserve her rights over a year ago.  Doc.
10  152 at 15.

11       AAA confuses the issue of superior title, which it draws from federal substantive law, with
12  the procedural issue of whether Barerra can seek a stay pending appeal.  "Rule 62(d) is a purely
13  procedural mechanism to preserve the *status quo* during a stay pending appeal of a district court
14  decision." *Bass v. First Pac. Networks, Inc.*, 219 F.3d 1052, 1055 (9th Cir. 2000).  The "purpose of
15  a supersedeas bond is to secure the appellees from a loss resulting from the stay of execution and a
16  full supersedeas bond should therefore be required." *Pac. Reinsurance Mgmt. Corp. v. Ohio*
17  *Reinsurance Corp.*, 935 F.2d 1019, 1027 (9th Cir. 1991) (quoting *Rachel v. Banana Republic, Inc.*,
18  831 F.2d 1503, 1505 n.1 (9th Cir. 1987)) (internal quotation marks omitted).  The writ of execution
19  has issued, but no sale has occurred and nothing is undone by the stay.  AAA has not yet obtained
20  control of any assets to satisfy the June 5, 2012, judgement.  It suffers no prejudice from delaying
21  the sale and maintaining the status quo.  This is particularly true considering it waited until October
22  4, 2013, to notice the sale.  Doc. 144.  Barrera would suffer ultimate prejudice, however, if the sale
23  were not stayed: AAA would sell her appellant rights and likely extinguish them.  The full
24  supersedeas bond that was ordered and posted in cash protects both AAA's monetary interest and
25  Barerra's interest in letting the Ninth Circuit determine the parties' rights regarding the property that
26  the writ concerns.  On careful review, this Court finds no mistake of law or other reason to
27  reconsider or set aside the Order setting the supersedeas bond and staying the chose-in-action sale.
28

On the contrary, the Court finds that its jurisdictional authority—and equity—direct this result.

This is not the first court to be petitioned for execution on a chose in action while a case is pending on appeal. In *Athridge v. Iglesias*, 464 F. Supp. 2d 19 (D.D.C. 2006), the prevailing party moved for an order directing the debtor-defendants to convey their choses in action to the creditor-plaintiffs. Defendants subsequently appealed. *Id.* at 22. The court found that defendants' appeal "raise[d] a threshold question of jurisdiction" because "the filing of an appeal divests the district court of control over those aspects of the case involved in the appeal." *Id.* (quoting *United States v. DeFries,* 129 F.3d 1293, 1302 (D.C. Cir. 1997) (internal quotation marks omitted); *see also Griggs v. Provident Consumer Disc. Co.,* 459 U.S. 56, 58 (1982). Trial courts are limited to a ministerial scope of action, which merely aids in the appeal, once an appeal is properly entered. *See id.* (citing Fed. R. Civ. P. 60; *Stewart v. Donges,* 915 F.2d 572, 575 n.3 (10th Cir.1990). The Ninth Circuit likewise recognizes that "[t]he district court retains jurisdiction during the pendency of an appeal to act to preserve the status quo," but this "does not restore jurisdiction to the district court to adjudicate anew the merits of the case." *Natural Res. Def. Council, Inc. v. Sw. Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001) (citations omitted) (internal quotation marks omitted). Otherwise, the same matter would be under consideration in multiple forums at once, creating potential confusion and certainly wasting judicial time and resources. *See Athridge*, 464 F. Supp. at 22 (citation omitted).

This Court finds the *Athridge* court's reasoning both on-point and persuasive:

> Plaintiffs ask this Court for an order to transfer defendants' choses pending appeal, which essentially begins the execution of judgment. However, if defendants are successful on appeal, the transfer of choses would have been premature and require additional steps to undo what had been done. The transfer of choses involves the very subject of the judgment on appeal, over which this Court has no jurisdiction. To act otherwise is contrary to the very concept of judicial efficiency . . . .

*Id.* at 23. Both Barrera and AAA have appealed this case to the Ninth Circuit, and these decisions shift the district court's role into a ministerial one. It therefore would be inappropriate and inefficient for this Court to allow the transfer of this chose-in-action during the pendency of this appeal.

5

Accordingly, and with good cause appearing,

It is hereby ORDERED that Defendant's Emergency Motion for Reconsideration Pursuant to FCRP 60(b)(1) and Request to Lift Stay **[Doc. 152] is DENIED**.

It is further ORDERED that Plaintiff's Motion for Leave to File a Supplement to Her Opposition to Defendant's Emergency Motion for Reconsideration **[Doc. 157] is GRANTED**.

DATED January 21, 2014.

_____
JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE